*PeR CueiaM.
 

 In all cases where the party against whom judgment is rendered hath had no opportunity to bring forward his defense, he shall be allowed it. If a
 
 sci. fa.
 
 be against one as heir to his ancestor, to have execution against lands alleged to have descended from the ancestor, and the heir, being tenant in tail and thinking himself safe, fail to make defense after
 
 scire facias
 
 returned against him, and execution be awarded against him by default, he shall never be relieved, because he would not plead when he might. 1 Levinz, 41; 1 Sid. 54; Ray. 19; 1 Sid. 7, 12; Salk. 93, 204; 2 Str. 1075; 14 Viner, “Heir,” B, page 238; 5 Com. Dig. “Pleader,” 3, S 9. But if the judgment be given upon two
 
 nihils
 
 returned, the party shall not thereby be excluded from his defense. He shall be allowed to make it afterwards upon notice in
 
 audita querela.
 
 Here is not even a
 
 sci. fa.
 
 and two
 
 minis,
 
 and the reason for allowing the defense is much stronger. The
 
 sci. fa.
 
 in the hands of the sheriff may be seen by some one who may speak of it to the defendant, and thus he may get notice ; but in this instance there are no means by which notice could be conveyed to him. The acts for summary relief ought to be so construed as to put an end to actions, and not so as to multiply them. Better, therefore, to have a reexamination by
 
 certiorari
 
 than by bill in equity, and to settle the whole controversy in the first action. And, moreover, these acts ought to be so construed as not to deprive the defendant of any just defense he may have, as payment or the like, any more than if he had been sued at the common law. The
 
 *739
 
 Legislature never could mean, for the sake of dispatch, to take from the defendant any valid defense he might have. This introduces every legal defense whatsoever. The proceeding under the acts for relief by judgment on * motion is of no advantage, unless in cases where the defendant to the motion has not any defense to make.
 

 Reverse the judgment and remove the cause, with directions to receive the pleas mentioned in the petition.
 

 See
 
 Williams
 
 v.
 
 Greer,
 
 4 Hay. 235; King’s Digest, 11,241, 11,243, 11,244.